IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE HAVANEC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-567-L** |
| | § | |
| EMC MORTGAGE, LLC, AS SUCCESSOR | § | |
| TO EMC MORTGAGE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss for Improper Venue, Motion to Dismiss for Failure to State a Claim, and Motion to Transfer Venue (Doc. 6), filed March 20, 2012. After carefully reviewing the motions, briefing, pleadings, and applicable law, the court rather than granting Defendant's Motion to Dismiss for Improper Venue, in the interest of justice, **transfers** this action to the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1406(a). The court **denies as moot** Defendant's Motion to Transfer Venue and Motion to Dismiss for Failure to State a Claim.

**I.    Background**

Plaintiff Terrence Havanec ("Plaintiff" or "Havanec") brought this action on February 24, 2012, against Defendant EMC Mortgage, LLC, as successor to EMC Mortgage Corporation ("EMC"), alleging claims for violations of the Fair Credit Reporting Act and Texas Debt Collection Practices Act, and unreasonable collection efforts. Havanec contends that EMC has and is attempting wrongfully to collect on a debt that was discharged in bankruptcy. The debt at issue

relates to property located at 1079 Keolu Drive, Kailua, Hawaii ("Keolu Drive Property"). Havanec formerly resided in Hawaii and purchased the Keolu Drive Property, which was financed by EMC. In October 12, 2007, Havanec initiated a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the District of Hawaii, Case No. 07-01030 and listed the Keolu Drive Property as an asset. On the same day, Havanec through his attorney, filed a Notice of Surrender of the Keolu Drive Property to EMC Mortgage Corporation that states:

> TO ALL INTERESTED PARTIES:
>
> PLEASE TAKE NOTICE that pursuant to Section 4.02.4 of the Chapter 11 Plan dated January 22, 2008 (the "Plan"), and the Order Confirming the Chapter 11 Plan (the "Confirmation Order"), Terrence Havanec, the Debtor, does hereby surrender effective November 11, 2008, that certain property located at 1079 Keola Drive, Kailua, Hawaii and identified as TMK No. 1-4-025-018 (the "Keolu Drive Property") to EMC Mortgage Corporation, which filed its Proof of Claim No. 2 identifying itself as having a first priority secured claim as to this property.
>
> DATED: Honolulu, Hawaii, November 12, 2008

EMC App. 006-007.

Havanec contends that EMC attempted to foreclose on the Keolu Drive Property in violation of the bankruptcy court's automatic stay, but his pleadings contain contradictions as to when EMC initiated foreclosure proceedings. He alleges that before he initiated the bankruptcy action, no foreclosure proceedings had been initiated. Pl.'s Compl. 2, ¶ 17. On the other hand, Havanec also asserts that he was notified in April 2008 (prior to his filing the bankruptcy) that EMC had foreclosed on the Keolu Drive Property and sold it at auction in September 2007, more than one year before he initiated the bankruptcy proceeding. Havanec contends that he sent EMC a letter in April 2008, objecting to the foreclosure as violating the automatic stay.

**Memorandum Opinion and Order – Page 2**

According to EMC, it has been attempting to foreclose lawfully on the property but has been unsuccessful due to Havanec's actions in thwarting the foreclosure and denying EMC title to and possession of the Keolu Drive Property, in violation of an order entered by the bankruptcy court in June 2009, that lifted the automatic stay and permitted the sale of the Keolu Drive Property. The order states in pertinent part:

> The Automatic Stay under 11 U.S.C. § 362 of the Bankruptcy Code in this case is hereby terminated with respect to the Debtor, Debtor's Estate and the certain real property situated at 1079 Keolu Drive, Kailua, Hawaii 96734.
>
> IT IS FURTHER ORDERED THAT CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-4, its assignees and/or successors in interest, and its employees, attorneys, agents, and any foreclosure commissioner are authorized to exercise and enforce to all of its remedies against the Debtor and the Property, including but not limited to, seek a determination of (but not a deficiency judgment for) all amounts due and owing for unpaid principal, interest, charges, advances and attorneys' fees and costs incurred in the foreclosure action and in this case, foreclose upon its mortgage against the Debtor's interest in the Property and the Property, recover possession over the Property, sell said Property and recover payment of its secured claim from the sale of said property.

EMC App. 9-10. This order appears to prohibit collection efforts with regard to a deficiency judgment, but it otherwise permits the foreclosure and sale of the property at issue and the collection of amounts due for unpaid principal, interest and costs incurred as a result of foreclosure proceedings.

Havanec believes that all debt related to the Keolu Drive Property was discharged in the bankruptcy despite this bankruptcy court order and his surrender of the property to EMC. In early 2010, Havanec noticed that his credit report included the EMC mortgage debt but did not reflect that the debt had been discharged. Instead, according to Havanec, the report indicated that Keolu Drive

**Memorandum Opinion and Order – Page 3**

Property had been foreclosed and that a balance on the note was due. Havanec notified EMC regarding what he contends are errors in his credit report. From October 2010 to November 23, 2011, EMC sent a number of notices to Havanec regarding the foreclosure of the property and the scheduling of a trustee's sale. EMC also sought information regarding payment of the loan on the property and, after validating the debt, demanded payment for monies allegedly owed. It is not entirely clear from the parties' pleadings or briefing in conjunction with the motions currently before the court whether the amount claimed to be owed was for unpaid principal, interest, costs related to the foreclosure and related costs, or for a deficiency judgment. In any event, Havanec contends that he disputed the debt and foreclosure, and notified EMC and various credit reporting companies on a number of occasions that the debt was discharged. He also requested that his credit report be corrected and that collection efforts be ceased.

EMC contends that its foreclosure efforts and attempts to collect on monies owed by Havanec are authorized by the bankruptcy court's June 2009 order and has therefore seeks dismissal of all of Havanec's claims. EMC also seeks dismissal of this action based on improper venue. Alternatively, EMC requests that the court transfer the case to the United States Bankruptcy Court for the District of Hawaii. The court addresses first EMC's Rule 12(b)(3) motion for dismissal based on improper venue since it is dispositive of the issues raised.

## II.     Motion to Dismiss Based on Improper Venue

EMC moved to dismiss for lack of proper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003); *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751,

**Memorandum Opinion and Order – Page 4**

753 (S.D. Tex. 2002). In resolving a Rule 12(b)(3) motion, "the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B. V.*, 570 F.3d 233, 238 (5th Cir. 2009) (internal quotation marks omitted). Under the general venue statute, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Section 1391 further provides that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action . . . ." 28 U.S.C. § 1391(c)(2). If the district court of a district in which is filed determines that venue is improper, it must dismiss the case or may, in the interest of justice, transfer it to a district or division where it could have been brought. a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

Havanec alleges in his Complaint that EMC is a Delaware corporation that maintains an office in Dallas County, which is in the Northern District of Texas. EMC presented evidence, however, to show that its principal or main office is actually located at 2780 Lake Vista Drive,

**Memorandum Opinion and Order – Page 5**

Lewisville, Texas 75067, which is in Denton County. Denton County is located in the Eastern District of Texas. 28 U.S.C. § 124(c)(3). Accordingly, venue is proper in the Eastern District of Texas and the case should have been brought there. *See* 28 U.S.C. § 1391(b)(1). Therefore, venue is not proper in this district, and EMC is entitled to dismissal of this action pursuant to Rule 12(b)(3) for improper venue.

### III.  Conclusion

For the reasons herein stated, the court determines that this case should have been brought in the Eastern District of Texas where EMC resides for purposes of venue. The court, rather than grant Defendant's Motion to Dismiss for Improper Venue and dismiss this action without prejudice for improper venue, in the interest of justice, **transfers** the action to the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1406(a). The court **denies as moot** Defendant's Motion to Dismiss for Failure to State a Claim and Motion to Transfer Venue.

**It is so ordered** this 10th day of May, 2012.

*[signature]*

**Sam A. Lindsay**
**United States District Judge**